## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**JESSICA GOODWIN**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:07CV-22-H**

**CPS LOUISVILLE & SHELBY** *et al.*                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jessica Goodwin filed a *pro se* complaint against "CPS of Louisville and Shelby" and the Commonwealth of Kentucky.  Thereafter, she filed an amended complaint against U of L Psychology.  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

#### A. Complaint

Plaintiff initiated the action by filing a court-supplied complaint form.  As grounds for filing this case in federal court, she writes, "Blackmarket baby industry w/ CPS False and misleading information no evidence to take my children or keep them jurisdiction [and] improper conduct."  Factually, Plaintiff claims that her newborn son was taken after she was medicated and forced to give birth at U of L.  She was told that she was "the target because my age and economic situation made it easy to take my children by Linda Handorf of Shelby CPS."  She claims that before she gave birth, they had promised her son to another woman because the other woman was a friend of Louisville CPS.  She claims that her son lived in a house with mold and asbestos.  She also claims that she has a daughter that was choked by a foster parent.

Plaintiff claims that Linda Handorf, a Shelby CPS worker, diagnosed her with depression and was a witness against her having visitation with her children.  Plaintiff reports that she has not been allowed to visit her children since 2006.  She alleges that the "Shelby CPS workers consistently harass me and come to my home forcing me to sign papers when they know I had been put on medications that caused bad effects."  According to Plaintiff, "I was unable to sign anything or understand anything during those times and during the majority of court apperences."

As relief, Plaintiff seeks the return of her children, that her children be examined by doctors for neglect, that CPS be investigated, that Linda Handorf and Judge Fitzgerald be fired, and that Louisville CPS be punished for adopting out children without consent.

## B.  Amended Complaint

Plaintiff names U of L Psychology as the sole Defendant in her amended complaint.  She alleges that a U of L "mind doctor" tested several medications on her and that:

> The last one he gave me caused me to drop dead for a period of time.  The paremedics were carring me out of a metal bed with straps and I woke up, could not move and eventually was able to stand.  Then my body began turning to hard and the psychologist refused to give me a remedy.  The disability doctor gave me the remedy my body unstiffened but I fell down and out agian.

As relief, she requests all necessary consultations and the payment of her medical bills.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial

court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

## A. Complaint

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff fails to articulate a viable basis upon which this Court's jurisdiction rests. Even if the Court were to liberally construe the complaint as asserting constitutional claims under 42 U.S.C. § 1983, thereby establishing federal-question jurisdiction under 28 U.S.C. § 1331, the complaint must still be dismissed.

In the complaint, Plaintiff has named only the Commonwealth of Kentucky and one of its agencies, CPS, as Defendants in this action. This is fatal to her complaint. Under the Eleventh Amendment, states and state agencies are immune from suit in federal court, even if the only relief sought is prospective injunctive relief. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (recognizing that suits against states and state agencies "are barred regardless of the relief sought" ). While a state may lose its immunity by congressional abrogation or by waiver, Congress did not abrogate states' sovereign immunity when it enacted § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, both Defendants

sued by Plaintiff in her complaint are absolutely immune from liability under the Eleventh Amendment, and the complaint will be dismissed for that reason.

**B.   <u>Amended Complaint</u>**

Plaintiff has also not met her burden of establishing this Court's jurisdiction with respect to her amended complaint against U of L Psychology, and even under the most liberal of construction, the Court cannot discern a basis upon which to hear Plaintiff's complaint against that Defendant. First, she fails to establish federal question jurisdiction under 28 U.S.C. § 1331 as she fails to specify any federal statutes or federal constitutional provisions upon which jurisdiction is based. At most, her amended complaint alleges a medical malpractice claim, which is a *state* law tort, not a *federal* cause of action. And diversity jurisdiction under 28 U.S.C. § 1332 is absent as both she and the Defendant are located in Kentucky and are not diverse in citizenship. As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the amended complaint will be dismissed.

For these reasons, the entire action will be dismissed by separate Order.

Date:

cc:      Plaintiff, *pro se*
4412.005